IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| THOMAS JOHNSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| KILOLO KIJAKAZI, | *   No. 3:20-cv-00329-JJV |
| Acting Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Thomas Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-seven years old at the time of the administrative hearing. (Tr. 30.) He testified he graduated from high school and attended college. (*Id.*) He has past relevant work as a bonding agent. (Tr. 18.)

The ALJ[1] found Mr. Johnson had not engaged in substantial gainful activity since January 30, 2018, the alleged onset date. (Tr. 12.) He has "severe" impairments in the form of "degenerative disc disease of the cervical and lumbar spine, obstructive sleep apnea, gout, hypertension, and obesity." (*Id.*) The ALJ further found Mr. Johnson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The ALJ determined Mr. Johnson had the residual functional capacity to perform a slightly reduced range of sedentary work given his physical impairments. (Tr. 14.) Based on the residual functional capacity assessment and with the aid of a vocational expert, (Tr. 44-47), the ALJ determined that Plaintiff could perform his past relevant work as a bonding agent. (Tr. 18-19.) The ALJ also utilized the services of the vocational expert to determine if other jobs existed that Plaintiff could perform despite his impairments. Based on her testimony, the ALJ determined

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Plaintiff could also perform the jobs of addresser and call out operator. (Tr. 19.) Accordingly, the ALJ determined Mr. Johnson was not disabled. (Tr. 20.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ incorrectly assessed his subjective symptoms. (Doc. No. 15 at 18-20.) The ALJ's assessment of Plaintiff's subjective symptoms closely ties into to his residual functional capacity assessment with which Plaintiff also generally disagrees.

The ALJ analyzed Mr. Johnsons symptoms in light of Social Security Ruling 16-3p. (Tr. 15-18.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ fairly evaluated Plaintiff's subjective complaints. As the ALJ noted in his opinion, the record reveals that Plaintiff's medical records support a conclusion that he was capable of performing sedentary work. (Tr. 16-18.) This conclusion is supported by the overall medical records. (*See e.g.* Tr. 257, 275, 278, 281, 284-5, 288, 304, 325-326, 356, 509-510.) I recognize there are some treatment notes showing a reduced range of motion, pain, and abnormality. (Tr. 295, 407, 649.) However, as the ALJ noted, Plaintiff's engagement in physical therapy resulted in much improvement with his back and shoulder impairments. (Tr. 16, 653.)

The ALJ's conclusion is supported by the objective medical evidence. The degree of Mr. Johnson's alleged limitation is simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform sedentary work activities. As the ALJ recited in his opinion, Mr. Johnson's "determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 15.) This conclusion is supported by Plaintiff's medical records. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Mr. Johnson clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff argues that the ALJ failed to resolve a conflict between the RFC determination, the Dictionary of Occupational Titles ("DOT"), and the VE's testimony. (Doc. No. 15 at 21-24.)

Specifically, Mr. Johnson argues, "Because the ALJ spoke in terms of overhead work in general and Brown referred to overhead reaching, it is not entirely certain that the two had the same thing in mind with regard to overhead work. Even if they did, however, neither Brown nor the ALJ adequately addressed the conflict between Brown's testimony and the DOT." (*Id.* at 23.)

As the Commissioner notes in her brief, the ALJ and the vocational expert stated:

> Q: Are there any inconsistencies, conflicts, or differences between your answers and the *Dictionary of Occupational Titles*?
> A: In reference to the occasional overhead reaching and the sit/stand every hour, the *DOT* does not specify either; I relied upon my knowledge of how the jobs are performed in order to identify the sedentary occupations.
> Q: So, is it your opinion, professional opinion that the jobs that you mentioned as well as the past work would not be precluded with those limitations?
> A: That's correct.

(Tr. 46).

The ALJ squarely inquired about the issue of reaching and the vocational expert fairly addressed the conflict. The vocational expert testified she relied on her specialized knowledge. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Lastly, I disagree with Plaintiff that the ALJ failed to develop the record by not obtaining evidence or consultative examinations from Mr. Johnson's treating physicians about his residual functional capacity. (Doc. No. 15 at 20-21.) Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff clearly suffers from limitation with the combination of his impairments. And his counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 20th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE